FILED
2013 Jul-31 PM 03:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA, WESTERN DIVISION

| | |
|---|---|
| FREDDY TIDWELL; ADMIRAL TIDWELL; AMANDA ADAMS; SILAS DWAYNE ADAMS; EDITH ADAMS; TAMMY AMANDA HILLIARD; RICHARD DALE HILLIARD; WILLIAM GERALD COLE; REBA COLE; GARY DEVANEY; RAY FOSTER; MATHEW CAMPBELL; SUSAN POUNDERS; DANIEL MILLS; MICHELLE HAMMOND; REBA DEVANEY; BILLY HESTER; KATHY HESTER, | |
| Plaintiffs, | |
| vs. | CASE NO: 13- |
| PILGRIM'S PRIDE CORPORATION; JBS, USA, | |
| Defendants. | |

## COMPLAINT

COME NOW the above named Plaintiffs, and for their complaint against the above named Defendants, and aver as follows:

<u>Statement of the Parties and Jurisdiction</u>

1. Plaintiff Freddie Tidwell is over the age of 19 years and is a resident citizen of Marion County, Alabama.

2. Plaintiff Admiral Tidwell is over the age of 19 years and is a resident citizen of Marion County, Alabama.

3. Plaintiff Amanda Adams is over the age of 19 years and is a resident citizen of Marion County, Alabama.

4. Plaintiff Silas Dewayne Adams is over the age of 19 years and is a resident citizen of Marion County, Alabama.

5. Plaintiff Edith Adams is over the age of 19 years and is a resident citizen of Marion County, Alabama.

6. Plaintiff Tammy Amanda Hilliard is over the age of 19 years and is a resident citizen of Franklin County, Alabama.

7. Plaintiff Richard Dale Hilliard is over the age of 19 years and is a resident citizen of Franklin County, Alabama.

8. Plaintiff William Gerald Cole is over the age of 19 years and is a resident citizen of Franklin County, Alabama.

9. Plaintiff Reba Cole is over the age of 19 years and is a resident citizen of Marion County, Alabama.

10. Plaintiff Gary DeVaney is over the age of 19 years and is a resident citizen of Franklin County, Alabama.

11. Plaintiff Ray Foster is over the age of 19 years and is a resident citizen of Marion County, Alabama.

12. Plaintiff Mathew Campbell is over the age of 19 years and is a resident citizen of Franklin County, Alabama.

13. Plaintiff Susan Pounders is over the age of 19 years and is a resident citizen of Franklin County, Alabama.

14. Plaintiff Cynthia Christensen is over the age of 19 years and is a resident citizen of Henry County, Alabama.

15. Plaintiff Daniel Mills is over the age of 19 years and is a resident citizen of Franklin County, Alabama.

16. Plaintiff Michelle Hammond is over the age of 19 years and is a resident citizen of Marion County, Alabama.

17. Plaintiff Reba DeVaney is over the age of 19 years and is a resident citizen of Franklin County, Alabama.

18. Plaintiff Billy Hester is over the age of 19 years and is a resident citizen of Franklin County, Alabama.

19. Plaintiff Kathy Hester is over the age of 19 years and is a resident citizen of Franklin County, Alabama.

20. Defendant Pilgrim's Pride Corporation (hereinafter referred to as "Pilgrims") is a foreign corporation doing business in Marion County, Alabama.

21. Defendant JBS, USA is a foreign corporation doing business by agent in Marion County, Alabama.

22. This Court has jurisdiction over the issues and parties in this cause pursuant to 28 U.S.C § 1331 (federal question) and 28 U.S.C. § 1332 (diversity of citizenship).

## STATEMENT OF THE FACTS

23. At all times material hereto, Defendant JBS, USA is and was the parent company of Defendant Pilgrims and Defendant Pilgrims was the agent and/or representative of Defendant JBS, USA and took direct orders from JBS, USA in all of its dealings with the Plaintiffs as alleged herein.

24. For many years, the Plaintiffs have grown and raised chickens for the Defendants based upon the oral and written representations made to them by the Defendants that they would be paid by the actual pound per bird (chicken), with more money being paid to the Plaintiffs for a higher average bird (chicken) weight, and less money being paid to the Plaintiffs for a lower average bird (chicken) weight. Defendants continuously and over time represented to the Plaintiffs that they were being paid in accordance with the foregoing terms. These representations were made to the Plaintiffs in their resident counties as well as in Marion County, Alabama, in person, over the phone and through the mail. Plaintiffs reasonably relied on the foregoing representations and continued growing and raising chickens for the Defendants believing they were being paid for the birds as set forth above.

25. However, unbeknownst to the Plaintiffs, the Defendants' executives, directors, principles, agents, and administrative staff have over the years conspired to reduce the amount of payments actually made to the Plaintiffs for their birds (chickens) in an effort to increase corporate profits. Plaintiffs have discovered an undisclosed corporate scheme that ensured that Plaintiffs were not ever paid for the actual weight of their birds (chickens), but were instead paid on a "watered down" weight basis. These corporate practices of and by the Defendants were a pattern and practice of the Defendants and were instituted and kept in place over time to increase corporate profits by depriving the Plaintiffs of monies owed the Plaintiffs.

26. The above identified representations made to the Plaintiffs regarding being paid for the actual pound per bird by the Defendants were made to induce the Plaintiffs to grow and raise and continue to grow and raise chickens for the Defendants for as cheap

as possible to increase corporate profits. The representations made to the Plaintiffs by the Defendants were made intentionally to mislead and the representations were false, and the Defendants knew they were false when made to the Plaintiffs.

27. Plaintiffs reasonably relied upon the Defendants' misrepresentations, and did so to their detriment.

28. Plaintiffs discovered the Defendants' fraud within 2 years of filing this action against the Defendants.

29. The Defendants fraudulent conduct was done intentionally, recklessly, negligently and wantonly and Defendants have a pattern and practice of making similar representations to other individuals to induce them into acting similarly.

## COUNT ONE
(fraudulent misrepresentation)

30. Plaintiffs re-allege all prior paragraphs of the Complaint as if set out here in full.

31. As a proximate consequence of the Defendants' fraudulent conduct as set forth above, Plaintiffs have been injured and damaged as follows: Plaintiffs have not been compensated in accordance with the terms as represented to them by the Defendants; Plaintiffs are owed hundreds of thousands of dollars by the Defendants; Plaintiffs have undertaken over time to build and construct chicken houses for the Defendants and have upgraded their chicken houses over time as instructed by the Defendants;  Plaintiffs paid a sums of money for purchases they would not have otherwise purchased;  Plaintiffs have been forced to suffer severe mental and emotional distress, which continues, and Plaintiffs have otherwise been injured and damaged.

WHEREFORE, Plaintiffs demand judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNT TWO
(fraudulent suppression)

32. Plaintiffs re-allege all prior paragraphs of her amended Complaint as if set out here in full.

33. At all times material hereto, Defendants fraudulently and intentionally suppressed the above facts from the Plaintiffs.

34. As a proximate consequence of Defendants' fraudulent suppression, Plaintiffs have been injured and damaged as set forth above.

WHEREFORE, Plaintiffs demand judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNT THREE
(negligence and wantonness)

35. Plaintiffs re-allege all prior paragraphs of her amended Complaint as if set out here in full.

36. At all times material hereto, Defendants were negligent and/or wanton in their dealings with the Plaintiff and negligently and/or wantonly made the aforesaid misrepresentations to the Plaintiffs and suppressed material facts from the Plaintiffs.

37. As a proximate consequence of Defendants' conduct, Plaintiffs were injured and damaged as set forth above.

WHEREFORE, Plaintiffs demand judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNT FOUR
(Racketeering 18 U.S.C. § 1961-1968)

38. Plaintiffs re-allege all prior paragraphs of the Complaint as if set out here in full.

39. The Defendants' conduct violates 18 U.S.C § 1961 et seq. ("the Act") in that the Defendants have engaged in racketeering activity, including but not limited to violating 18 U.S.C. § 1343 by committing fraud by wire and 18 U.S.C. § 1341 by engaging in fraud through the U.S. Mail. The Defendants have also committed other predicate acts identified as racketeering activity under the Act.

40. These Defendants have committed the same predicate acts against not just the Plaintiffs in this case, but several other similarly situated individuals and companies over the years.

41. This constitutes racketeering activity and is in clear violation of the Racketeering Influenced and Corrupt Organizations Act. Pursuant to the Act, the Plaintiffs are entitled to recover treble damages and costs, including attorney fees.

WHEREFORE, Plaintiffs demand judgment against Defendants in such an amount of damages as is available to them, including punitive damages, costs and attorney fees.

## COUNT FIVE
(Treble damages and attorney fees)

42. Plaintiffs re-allege all prior paragraphs of the Complaint as if set out here in full.

43. Pursuant to 18 U.S.C § 1964(c), Plaintiffs are due threefold they damages sustained and the costs of the suit, including reasonable attorney fees.

WHEREFORE, Plaintiffs demand that the damages awarded by the jury in this case be tripled and all costs, including attorney feees, be awarded pursuant to 18 U.S.C § 1964(c).

## COUNT SIX
(civil conspiracy)

44. Plaintiffs re-allege all prior paragraphs of the Complaint as if set out here in full.

45. At all times material hereto, Defendants combined, confederated and conspired to do the acts against the Plaintiffs as set forth above.

46. As a result of the Defendants' conspiracy, Plaintiffs have been injured and damaged as set forth above.

WHEREFORE, Plaintiffs demand judgment against Defendants in such an amount of compensatory and punitive damages as the Court deems reasonable and may award, plus costs.

## JURY DEMAND

**PLAINTIFFS HEREBY DEMAND TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.**

| | |
|---|---|
| _//Christopher E. Sanspree//_____ | //Kenneth Ingram, Jr.//_ |
| CHRISTOPHER E. SANSPREE (SAN048) | KENNETH INGRAM, JR. (ING015) |
| One of the Attorneys for Plaintiff | INGRAM LAW FIRM, PC. |
| 603 Martha Street | One of the Attorneys for Plaintiff |
| Montgomery, Alabama 36104 | 120 E. Tennessee Street |
| (334) 262-1001 | Alexander City, Alabama 35011 |
| (334) 262-1002 facsimile | (256) 212-9700 |
| chris.sanspree@sanspreelaw.com | (256) 212-1342 facsimile |
| | INGRAMLAW@charter.net |